UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

**CIVIL ACTION NO. 20-196-DLB**

**DEVRIN HERNANDEZ**                                                            **PETITIONER**

**v.**            **MEMORANDUM OPINION AND ORDER**

**UNITED STATES OF AMERICA**                                  **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Devrin Hernandez is a federal prisoner currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without an attorney, Hernandez has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) but did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914. On October 9, 2020, Hernandez filed a letter indicating that the filing fee was forthcoming (Doc. # 4), but payment has not yet been received by the Court. Even so, the Court will proceed with the initial screening of Hernandez's § 2241 petition required by 28 U.S.C. § 2243.[1] For the reasons set forth below, Hernandez's petition is **denied**.

**I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

In March 2008, pursuant to a plea agreement with the United States, Hernandez pled guilty in the United States District Court for the Northern District of Florida to one

---

[1] Petitions filed pursuant to § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

1

count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and § 846 (Count One); and three counts of possession with intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2 (Counts Two, Three, and Four).  *See United States v. Hernandez*, 3:08-cr-013-RV-CJK-1 (N.D. Fla.).  Prior to the execution of the plea agreement, the United States filed a "First Amended Enhancement Information" pursuant to 21 U.S.C. § 851, stating that Hernandez was subject to the increased penalty provisions of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and (b)(1)(B)(viii) because of the following prior convictions: 1) a federal felony conviction of conspiracy to possess with intent to distribute cocaine; 2) a Florida felony conviction of possession of cocaine; and 3) a Florida felony conviction of attempted sale of cocaine. *Id*. at ECF No. 66.  In the plea agreement, Hernandez was again advised of the enhanced sentence that he faced under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and (b)(1)(B)(viii) in light of his prior qualifying federal drug convictions, specifically the possibility of a mandatory minimum term of life imprisonment on Count One if the Court determined that he had two prior qualifying felony drug convictions under 21 U.S.C. §§ 841 and 851.  *Id*. at ECF No. 72.

In May 2008, Hernandez was sentenced to a term of life imprisonment as to Count One and terms of 330 months' imprisonment as to each of Counts Two, Three, and Four, to run concurrently to each other.  *Id*. at ECF No. 91.  Hernandez did not appeal his conviction or sentence.  In October 2012, Hernandez filed a motion to vacate, set aside,

or correct sentence pursuant to 28 U.S.C. § 2255, which was denied as untimely in June 2013. *Id*. at ECF Nos. 99, 113, and 119.

In 2014, Hernandez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California seeking relief from his sentence partly on the ground that, in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), the sentencing court erred in sentencing him as a "Career Criminal," as his prior convictions were improperly classified as predicate offenses. *Hernandez v. United States*, No. 2:14-cv-7471-SVW-DFM (C.D. Cal.), ECF No. 1 at 20-26. Hernandez's § 2241 petition was denied, as none of the claims presented (including his *Descamps* claim) fell within the "escape hatch" (or "savings clause") of 28 U.S.C. § 2255(e), and thus he could not raise these claims in a § 2241 petition. *Id*. at ECF Nos. 7 and 11.

In 2015, the sentencing court reviewed Hernandez's criminal case for a possible reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 based on Amendment 782 to the Sentencing Guidelines. However, the Court determined that Hernandez's sentence was not impacted by Amendment 782 because his sentence "was determined pursuant to a statutory minimum mandatory term of Life imprisonment," thus no reduction in sentence was authorized by the amendment to the Guidelines. *See United States v. Hernandez*, 3:08-cr-013-RV-CJK-1 (N.D. Fla.), ECF No. 152.

Hernandez has now filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court seeking relief from his sentence. (Doc. # 1). In this petition, Hernandez again argues that in light of the United States Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), as well as its decision in *Mathis v.*

3

*United States*, 136 S. Ct. 2243 (2016), he is "actually innocent of violating the United States Sentencing Guidelines (U.S.S.G.) Career Offender Enhancement, as well as 21 U.S.C. § 851 Enhancements," and, as a result, his sentence violates his constitutional due process rights. According to Hernandez, in light of *Mathis*, his 21 U.S.C. § 846 conviction cannot serve as a predicate "controlled substance offense" under the Sentencing Guidelines. He further claims that, in light of *Mathis* and *Descamps*, the sentencing court violated his due process rights and the separation of powers doctrine by applying what he characterizes as the 21 U.S.C. § 851 "sentencing enhancement" to his Count One conviction for violation of 21 U.S.C. § 846.[2] (*Id*. at 5-8).

Because Hernandez already filed an untimely § 2255 motion, he cannot file another one unless he meets the strict requirements of § 2255(h). *See In re Watkins*, 810 F.3d 375, 378 (6th Cir. 2015). Hernandez thus again invokes the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert these claims in a § 2241 petition. However, after reviewing his petition and his underlying criminal case, the Court concludes that Hernandez's § 2241 petition must be denied because his claims are not cognizable under § 2241.

---

[2] Although Hernandez repeatedly characterizes § 851 as providing for a "sentencing enhancement," § 851 does not contain any statutory penalties itself, but rather sets forth the proceedings to be followed to establish prior convictions for purposes of an increased sentence as provided by 21 U.S.C. §§ 841-865. Moreover, contrary to Hernandez's arguments in his § 2241 petition, nothing in § 851 limits its application to only § 841 offenses, nor does it prohibit consideration of a prior offense resulting from a "no-contest" plea. Finally, Hernandez's increased sentence was a result of the increased statutory penalties that he faced under § 841(a) and (b) because of his two or more prior felony drug offenses, not because his Count One conviction included a violation of § 846.

**II.     ANALYSIS**

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review"). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision reinterpreting the substantive terms of the criminal statute under which the petitioner was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that—as a matter of statutory interpretation—a prior conviction

used to enhance the petitioner's federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Either way, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the savings clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)

Here, Hernandez challenges the use of prior convictions to enhance his sentence. The decidedly narrow scope of relief under § 2241 is even narrower for challenges to sentences, as opposed to convictions. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is a very limited exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, a prisoner may only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Sixth Circuit further expressly limited its decision in *Hill* to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Hill*, 836 F.3d at 599. *See Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019) (holding that a challenge to the validity of the defendant's career offender enhancement under the advisory Sentencing Guidelines is not cognizable on collateral review).

Hernandez does not meet any of the forgoing requirements that would permit him to bring his claims in a § 2241 petition. First, to the extent that Hernandez now challenges

whether the § 851 Information filed in his criminal case was procedurally sufficient and/or was properly utilized by the sentencing court, these are claims of ordinary trial error. Such claims could and must have been asserted before the trial court, on direct appeal, or in a motion pursuant to 28 U.S.C. § 2255, and thus fall outside the purview of § 2241.

Similarly, to the extent that Hernandez claims violations of his due process rights and the separation of powers doctrine, these are constitutional claims, not claims based on the interpretation of a statute, that are properly asserted in a motion under § 2255. Although Hernandez has already moved under § 2255, a claim based on a new rule of constitutional law made retroactive on collateral review may be asserted in a second or successive § 2255 motion certified under § 2255(h)(2). Accordingly, the § 2255 remedy is not structurally "inadequate and ineffective" to test the legality of Hernandez's detention, rendering resort to § 2241 impermissible. *See Truss*, 115 F. App'x at 773-74; *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

Next, to the extent that Hernandez's claims are based upon the alleged application of the Career Offender provisions of the Sentencing Guidelines, Hernandez was sentenced in 2008, well after the Supreme Court's decision in *Booker* rendered the Guidelines advisory rather than mandatory. *See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837, 2018 U.S.

App. LEXIS 12622, at 4-5 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). For this reason alone, Hernandez fails to meet the requirements for relief set forth in *Hill*.

In addition, Hernandez claims that, in light of *Descamps* and *Mathis*, his § 846 conviction cannot serve as a predicate "controlled substance offense" under the Sentencing Guidelines. Both *Mathis* and *Descamps* addressed the application of the "categorical approach" to be used when determining whether a conviction qualifies as a predicate offense under the "enumerated offenses" clause of the definition of "violent felony" in the Armed Career Criminal Acts ("ACCA"), 18 U.S.C. § 924(e). However, Hernandez's sentence was not enhanced under the ACCA. Nor was his sentence enhanced as a result of the application of the Career Offender provisions of the Sentencing Guidelines.

Rather, Hernandez's sentence was enhanced under the far simpler provisions of § 841(b)(1)(A) because of his two or more prior "felony drug offenses." *See Hernandez*, No. 3:08-cr-013-RV-CJK-1, ECF No. 152 (confirming that Hernandez's sentence was determined pursuant to a statutory minimum mandatory term of Life imprisonment as required by 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and (b)(1)(B)(viii) in light of his two or more prior felony drug convictions). To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." By its terms, § 802(44) does not require

that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs.

Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate. *See United States v. Graham*, 622 F.3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998). Indeed, multiple decisions issued by the United States Court of Appeals for the Sixth Circuit have confirmed that *Descamps* and *Mathis* are inapplicable to sentences enhanced under § 841(b)(1)(A). *See Smith v. Ormond*, No. 18-5101, 2018 U.S. App. LEXIS 21123, at *5 (6th Cir. July 30, 2018); *see also Hidalgo v. Smith*, No. 18-5230, 2018 U.S. App. LEXIS 27127, at *6-7 (6th Cir. Sept. 20, 2018) (noting that *Mathis* and *Descamps* are inapplicable where the petitioner's sentence was increased under 21 U.S.C. § 841(b)(1)(A) because he had previously committed a "felony drug offense"); *Romo v. Ormond*, No. 17-6137, 2018 U.S. App. LEXIS 26076, at *6 (6th Cir. Sept. 13, 2018) ("*Mathis* . . . is inapplicable to sentences enhanced under § 841(b)(1)(A)."); *McKenzie v. Ormond*, No. 18-5072, 2018 U.S. App. LEXIS 19012, at *5 (6th Cir. July 11, 2018).

Moreover, with respect to his reliance on *Descamps* and *Mathis*, Hernandez cannot show that "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705. Indeed, not only was *Descamps* available at the time that he filed his first § 2241 petition, but also his claim seeking relief in light of *Descamps* was rejected by the United States District Court for the Central District of California. And while Hernandez "could not cite *Mathis*, specifically, before it existed . . . a claim for habeas relief is more than the talismanic force of a new name." *Id*. For purposes of allowing a petitioner to proceed via the savings clause of § 2255(e), "[a] new case matters only, if at

9

all, because of the *new legal arguments* it makes available." *Id*. (emphasis in original). As the Sixth Circuit made clear in *Wright*,

> *Mathis* did not invent the categorical approach. *See Mathis*, 136 S. Ct. at 2251 (explaining that *Taylor v. United States* held that "[a]ll that counts . . . are 'the elements of the statute of conviction'" (quoting 495 U.S. 575, 601, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990))); *id*. at 2257 ("For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."). In fact, it did not even break new ground. *See id*. at 2257 ("Our precedents make this a straightforward case."); *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017) ("The Court's holding in *Mathis* was dictated by prior precedent (indeed two decades worth).").

*Wright*, 939 F.3d at 705-06.

Thus, Hernandez did not need *Mathis* to argue for the application of the categorical approach to his prior convictions and, in fact, his prior attempt to raise such a claim based on *Descamps* in his first § 2241 petition was rejected by the United States District Court for the Central District of California as not cognizable in a § 2241 petition. Because Hernandez cannot show that "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Wright*, 939 F.3d at 706. For all of these reasons, Hernandez does not fall within the limited exception recognized by *Hill* and *Wright*; thus he may not challenge his sentence in this § 2241 proceeding.

Finally, in his § 2241 petition, Hernandez requests that the Court appoint counsel to represent him due to the complexity of the issues involved in his petition. (Doc. #1 at p. 8). "The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). When considering whether to grant such a request, the court considers the complexity of the case, the movant's likelihood of success on the merits of the claim, and

the ability of the plaintiff to represent himself competently. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009). Here, the issues presented by Hernandez's petition are not unduly complex; he has demonstrated an ability to represent himself by filing a petition that addresses both the procedural and substantive aspects of his claims; and, because his claims are not properly raised in a § 2241 petition, he cannot succeed on the merits of his claims. The Court has considered the *Lanier* factors and concludes that this case does not present the kind of extraordinary circumstances which would warrant the appointment of counsel for Hernandez.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

(1)  Hernandez's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2)  Hernandez's request for the appointment of counsel made in his § 2241 petition (Doc. # 1) is **DENIED**;

(3)  This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(4)  A judgment will be entered contemporaneously herewith;

This 2nd day of November, 2020.



Signed By:
*David L. Bunning*
**United States District Judge**

J:\DATA\ORDERS\PSO Orders\6-20-196 MOO Denying 2241.docx